# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
BRAJESHWARA NAND,

                                *Plaintiff*

           -*against*-

ZAHEER HASSAN and
FEDEX FREIGHT, INC,

                              *Defendants.*
-----------------------------------------------------------------------X

## SUMMONS

Plaintiff designates:
**QUEENS COUNTY**
as the place of trial.
The basis of venue is
Plaintiffs Place of Residence

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 5, 2021

                                                Yours, etc..

                                                _____
                                                MICHAEL LEVITZ, Esq.
                                                **SHULMAN & HILL, PLLC**
                                                -*Attorneys for Plaintiff*-
                                                **BRAJESHWARA NAND**
                                                1 State Street Plaza- 15th Floor
                                                New York, NY 10004

Defendant's addresses:

**FEDEX FREIGHT, INC.**
C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 100
-*Via Secretary of State*-


**ZAHEER HASSAN**
49 Seaview Avenue
Jersey City, NJ 07305

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
BRAJESHWARA NAND,

      Plaintiff,

   -against-              **VERIFIED**
                      **COMPLAINT**

ZAHEER HASSAN and
FEDEX FREIGHT, INC,

      Defendants.
-------------------------------------------------------------------------X

   Plaintiff, by their attorneys, **SHULMAN & HILL, PLLC**, complaining of the defendants, respectfully alleges the following, upon information and belief:

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, BRAJESHWARA NAND

   1.  That at all times hereinafter mentioned, and prior thereto, plaintiff, **BRAJESHWARA NAND**, was and still is a resident of the County of Queens, State of New York.

   2.  That at all times hereinafter mentioned, the defendant, **ZAHEER HASSAN**, was and still is a resident of the State of New Jersey.

   3.  That at all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was and still is in a domestic corporation duly organized by and existing under and by virtue of the laws of the State of New York.

   4.  That at all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was still is a domestic corporation duly organized by and existing under and by virtue of the laws of the State of New York with their principal place of business in the State of New York.

5. That at all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was still is a domestic corporation duly organized by and existing under and by virtue of the laws of the State of Arizona.

6. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was and still is a foreign corporation.

7. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was and still is a foreign corporation duly licensed to conduct business in the State of New York.

8. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was and still is a foreign corporation not duly licensed to conduct business in the State of New York.

9. That all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the owner of the Kenworth motor vehicle.

10. That at all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the owner of the Kenworth motor vehicle bearing Indiana license plate number 2133276.

11. That at all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the owner of a 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

12. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the lessor of a Kenworth motor vehicle.

13. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the lessor of a Kenworth motor vehicle bearing Indiana license plate number 2133276.

14. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the lessor of a 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

15. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the lessee of a Kenworth motor vehicle.

16. That at all times hereinafter mentioned and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the lessee of a Kenworth motor vehicle bearing Indiana license plate number 2133276.

17. That at all times hereinafter mentioned, and prior thereto, defendant, **FEDEX FREIGHT, INC.**, was the lessee of a 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

18. That all times hereinafter mentioned, and prior thereto, defendant, **ZAHEER HASSAN**, was the owner of the Kenworth motor vehicle.

19. That at all times hereinafter mentioned, and prior thereto, defendant, **ZAHEER HASSAN**, was the owner of the Kenworth motor vehicle bearing Indiana license plate number 2133276.

20. That at all times hereinafter mentioned, and prior thereto, defendant, **ZAHEER HASSAN**, was the owner of a 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

21. That at all times hereinafter mentioned and prior thereto, defendant, **ZAHEER HASSAN**, was the lessor of a Kenworth motor vehicle.

22. That at all times hereinafter mentioned and prior thereto, defendant, **ZAHEER HASSAN**, was the lessor of a Kenworth motor vehicle bearing Indiana license plate number 2133276.

23. That at all times hereinafter mentioned and prior thereto, defendant, **ZAHEER HASSAN**, was the lessor of a 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

24. That at all times hereinafter mentioned and prior thereto, defendant, **ZAHEER HASSAN**, was the lessee of a Kenworth motor vehicle.

25. That at all times hereinafter mentioned and prior thereto, defendant, **ZAHEER HASSAN**, was the lessee of a Kenworth motor vehicle bearing Indiana license plate number 2133276.

26. That at all times hereinafter mentioned and prior thereto, defendant, **ZAHEER HASSAN**, was the lessee of a 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

27. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, was the operator of the aforesaid Kenworth motor vehicle.

28. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN,** was the operator of the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

29. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN** , was the operator of the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

30. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN** , was the operator of the aforesaid Kenworth motor vehicle with the knowledge, permission and consent, expressed or implied, of the owner of said vehicle.

31. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN** , was the operator of the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276 with the knowledge, permission and consent, expressed or implied, of the owner of said vehicle.

32. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN** , was the operator of the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276 with the knowledge, permission and consent, expressed or implied, of the owner, **FEDEX FREIGHT, INC.** , of said vehicle.

33. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN,** was the operator of the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276 with the knowledge, permission and consent, expressed or implied, of the owner, **FEDEX FREIGHT, INC.**, of said vehicle.

34. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, maintained the aforesaid Kenworth motor vehicle.

35. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, maintained the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

36. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, maintained the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

37. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, managed the aforesaid Kenworth motor vehicle.

38. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, managed the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

39. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, managed the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

40. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, controlled the aforesaid Kenworth motor vehicle.

41. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, controlled the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

42. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, controlled the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

43. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, maintained the aforesaid Kenworth motor vehicle.

44. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.,** maintained the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

45. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, maintained the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

46. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, managed the aforesaid Kenworth motor vehicle.

47. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, managed the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

48. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, managed the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

49. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.,** controlled the aforesaid Kenworth motor vehicle.

50. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, controlled the aforesaid Kenworth motor vehicle bearing Indiana license plate number 2133276.

51. That at all times hereinafter mentioned, and prior thereto, the defendant, **FEDEX FREIGHT, INC.**, controlled the aforesaid 2013 Kenworth motor vehicle bearing Indiana license plate number 2133276.

52. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, was employed by the defendant, **FEDEX FREIGHT, INC.**

53. That at all times hereinafter mentioned, and prior thereto, the defendant, **ZAHEER HASSAN**, was operating the aforementioned 2013 Kenworth motor vehicle while in the scope of his employment for the defendant, **FEDEX FREIGHT, INC.**

54. That at all times hereinafter mentioned, and prior thereto, plaintiff, **BRAJESHWARA NAND**, was the operator of a 2007 Ford motor vehicle.

55. That at all times hereinafter mentioned, and prior thereto, plaintiff, **BRAJESHWARA NAND**, was the owner of a 2007 Ford motor vehicle bearing New York license plate number KDA2210.

56. That at all times hereinafter mentioned, and prior thereto, 73rd Street, in the County of Queens, City and State of New York, was and still is a public highway, roadway and thoroughfare for the use of motor vehicles and pedestrians.

57. That at all times hereinafter mentioned, prior thereto, Roosevelt Avenue, in the County of Queens, City and State of New York, was and still is a public highway, roadway and thoroughfare for the use of motor vehicles and pedestrians.

58. That at all times hereinafter mentioned, and prior thereto, 73rd Street, Roosevelt Avenue and their intersections, in the County of Queens, City and State of New York were and still are public highways, roadways and thoroughfares for the use of motor vehicles and pedestrians.

59. That at all times hereinafter mentioned, and prior thereto, and on the 25th day of September, 2020, defendant, **ZAHEER HASSAN**, was operating the aforesaid Ford motor vehicle on 73rd Street, in the County of Queens, City and State of New York.

60. That on the 25th day of September, 2020, the defendant, **ZAHEER HASSAN**, was operating the aforesaid Kenworth motor vehicle on 73rd Street, in the County of Queens, City and State of New York within the scope of his employment and with permission of the defendant, **FEDEX FREIGHT, INC**.

61. That on the 25th day of September 2020, plaintiff, **BRAJESHWARA NAND**, was operating the aforesaid Ford motor vehicle.

62. That on the 25th day of September, 2020, on 73rd Street, County of Queens, City and State of New York, the motor vehicle, owned by defendant, **FEDEX FREIGHT, INC.**, and operated by defendant, **ZAHEER HASSAN**, and the aforesaid operated by the plaintiff, **BRAJESHWARA NAND**, were in contact with each other.

63. That on the 25th day of September, 2020, on 73rd Street, County of Queens, City and State of New York, the motor vehicle, owned by defendant, **FEDEX FREIGHT, INC.**, and

operated by defendant, **ZAHEER HASSAN**, struck the aforesaid vehicle operated by the plaintiff, **BRAJESHWARA NAND**.

64. That the aforesaid time and place, as a result of the defendant's negligent conduct, plaintiff, **BRAJESHWARA NAND**, sustained severe and permanent personal injuries.

65. That the foregoing accident and the resulting injuries to the plaintiff, **BRAJESHWARA NAND**, were caused solely by reason of the carelessness, negligence, on the part of the defendants, **FEDEX FREIGHT, INC.**, and **ZAHEER HASSAN**.

66. That the foregoing accident and the resulting injuries to the plaintiff, **BRAJESHWARA NAND**, were caused solely by reason of the carelessness, negligence, and willful disregard to safety and traffic laws on the part of the defendants, **FEDEX FREIGHT, INC.**, and **ZAHEER HASSAN**.

67. That the foregoing accident and the resulting injuries to the plaintiff, **BRAJESHWARA NAND**, were caused solely by the reason of the carelessness and negligence, on the part of the defendants, **FEDEX FREIGHT, INC.**, and **ZAHEER HASSAN**, and without any negligence on the part of the plaintiff contributing hereto.

68. That the foregoing accident and the resulting injuries to the plaintiff, **BRAJESHWARA NAND**, were caused solely by the reason of the carelessness and negligence, and willful disregard to safety and traffic laws, on the part of the defendants, **FEDEX FREIGHT, INC.**, and **ZAHEER HASSAN**, and without any negligence on the part of the plaintiff contributing hereto.

69. That the defendants were negligent, careless, reckless, acted with disregard to safety and traffic laws, and acted with disregard for the well-being of plaintiff, **BRAJESHWARA**

**NAND**, and failed to properly own, operate, manage, maintain and control their motor vehicle; failed to watch and observe the plaintiff, **BRAJESHWARA NAND**; failed to maintain a proper lookout; failed to observe and heed road and traffic conditions; failed to timely observe plaintiff, **BRAJESHWARA NAND**; failed to operate, manage, maintain and control their motor vehicle at a proper and reasonable rate of speed; in operating their motor vehicle at a fast and excessive rate of speed; failed to make prompt, proper and timely use of the brakes, horn, warning device, steering apparatus and other equipment, parts and accessories of their motor vehicle; failed to make proper and timely judgments with respect to time and distance; failed to properly inspect, service, repair and maintain the brakes, horn, warning devices, steering apparatus and other equipment, part and accessories of their motor vehicle; failed to pay heed to the traffic control devices at the accident location; failed properly proceed; in causing the vehicle to cause injury to plaintiff, **BRAJESHWARA NAND**; failed to take timely and proper evasive actions; failed to see that which was there to be seen; failed to properly follow established procedures; in failing to yield; in negligently hiring and training the defendant driver, **ZAHEER HASSAN**, in violated the applicable codes, rules, regulations and statuses, ordinances and police regulations of the Vehicle and Traffic Law; in failing to exercise a degree of care and caution which reasonable, prudent persons, would have exercised under similar circumstances; in being liable under the doctrine of *res ipsa loquitor* and in otherwise causing the damages sustained by plaintiff.

70. That the liability of defendants arises from the use, operation or ownership of a motor vehicle within the meaning of CPLR 1602; a non-delegable duty; the doctrine of respondent superior; and the reckless disregard of the defendants for the safety of others within the meaning of CPLR 1602; and accordingly to the extent that limited liability would impair, modify, abrogate or restrict the right of the plaintiff as against said defendants, defendants are not entitled to invoke

the limited liability provision of Article 16 of the CPLR and to the extent, if any, that any defendants in this action contend that any of the employers of plaintiff bears any culpability with respect to the injuries of plaintiff, the benefits of CPLR 1602 are claimed by plaintiff.

71. That by reason of the aforesaid, plaintiff, **BRAJESHWARA NAND**, has been rendered sick, sore, lame and disabled, was seriously permanently injured; has suffered mental and nervous shock, all with accompanying great pain and suffering; has had and will require medical treatment and medicines; was an/or will be unable to attend to his usual quality of enjoyment of life and has and shall suffer loss of earnings.

72. That as a result of the foregoing, plaintiff, **BRAJESHWARA NAND**, has suffered a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York.

73. That as a result of the foregoing, plaintiff, **BRAJESHWARA NAND**, has suffered an economic loss greater than a "basic economic loss" as defined in Section 5102(a) of the Insurance Law of the State of New York.

74. That the plaintiff. **BRAJESHWARA NAND**, is a 'covered person' as defined by the Insurance Law of the State of New York.

75. That this action comes within one or more of the exceptions contained in Section 1602 of the CPLR.

76. **WHEREFORE**, plaintiff, **BRAJESHWARA NAND**, demands that a judgment be entered against the defendants, both jointly and separately, based upon the causes of action, in an amount exceeding the jurisdictional limitations of all lower courts which would have jurisdiction over this case; that she be awarded the costs and disbursements of this action and such other and further relief as the Court determined to be just and proper under the circumstances.

Dated:      New York, New York
             January 5, 2021

Yours, etc.

**SHULMAN & HILL, PLLC**

*[signature]*

MICHAEL M. LEVITZ, ESQ.
- *Attorneys for Plaintiff* -
**BRAJESHWARA NAND**
1 State Street Plaza – 15th Floor
New York, New York 10004
P: (212) 221-1000

## ATTORNEY'S VERIFICATION

**MICHAEL M. LEVITZ**, an attorney duly admitted to practice in the Courts of this State, affirms the following to be true under the penalties of perjury:

That your deponent is an attorney at the firm of **SHULMAN & HILL, PLLC,** attorney for the Plaintiff in the instant action.

That your deponent has read the foregoing **SUMMONS and VERIFIED COMPLAINT**, and knows the contents thereof, and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

That the source of deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in this file.

The reason this verification is made by deponent and not by Plaintiff is that your deponents office is maintained in a different County then where Plaintiff resides and is therefore made pursuant to CPLR Section 3020 (d) (3).

Dated:   New York, New York

January 5, 2021

_____
MICHAEL M. LEVITZ, ESQ